IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00597-MR

| | |
|---|---|
| DAMETRI DALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STATE OF NORTH CAROLINA 26th ) | |
| JUDICIAL DISTRICT, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint.[1] [Doc. 12]. Also pending is the Plaintiff's pro se "Motion for the Issuance and Service of Summons and Complaint…." [Doc. 11]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

I.   **BACKGROUND**

The pro se Plaintiff, a prisoner of the State of North Carolina, has recently filed at least five civil rights actions in this Court, several of which appear to suffer from serious deficiencies and/or contain duplicative claims.[2]

---

[1] The Plaintiff filed the Amended Complaint before the original Complaint [Doc. 1] had been reviewed for frivolity.

[2] See Case Nos. 1:22-cv-234-MR; 1:22-cv-259-MR; 3:22-cv-597-MR; 3:22-cv-641-MR; 3:22-cv-642-RJC-DSC; see also Case No. 3:22-cv-580-MR (seeking habeas relief). Case Nos. 1:22-cv-234 and 1:22-cv-259 address incidents that allegedly occurred at the

He filed the instant action pursuant to 42 U.S.C. § 1983, naming the following Defendants: the State of North Carolina's 26th Judicial District; Spencer Merriweather, III, the Mecklenburg County District Attorney; Kathryn Boswell and Kristen McNeal, Assistant District Attorneys; and Anthony Reno, a Charlotte-Mecklenburg Police Department (CMPD) investigator. He asserts claims under the "United States Constitution, rights life and liberty, fair trial, due process of law, abusive attacks upon his honor, reputation and private and family life, … false imprisonment [and] violation of discovery/Brady material."[3] [Doc. 12 at 5]. He claims that Defendant Reno conducted an inadequate investigation and fabricated evidence against him; that Reno, Boswell, and McNeal presented false evidence to a grand jury to secure his indictment; that Defendants McNeill and Boswell knowingly presented false evidence at his July 2022 trial, withheld evidence to which the Plaintiff was entitled, and obtained a wrongful conviction; and that Merriweather was on

---

Foothills Correctional Institution, and Case Nos. 3:22-cv-597, 3:22-cv-641, and 3:22-cv-642 address alleged improprieties with regard to the Plaintiff's criminal prosecution.

[3] The Plaintiff also cites "18 USC Ch. 79; perjury"; however, "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990); see Brown v. Rowan Cnty. Det. Ctr., 2012 WL 5338574 (M.D.N.C. Oct. 30, 2012) ("an inmate does not state a constitutional claim by alleging that he was denied the right to press criminal charges); Brown v. United States, 2019 WL 3753193, at *6 (E.D.N.C. May 10, 2019) *report and recommendation adopted*, 2019 WL 3783271 (E.D.N.C. Aug. 12, 2019) (recognizing that the criminal statute for perjury does not give rise to a private cause of action).

actual and constructive notice of McNeal and Boswell's misconduct, but failed to act. [Id. at 7-9]. For injury, he claims that he has suffered: mental breakdowns; physical, verbal, and mental abuse in prison; and harm to his personal and professional reputation. [Id. at 8-9]. He seeks damages, injunctive, and a declaratory judgment. [Id. at 9-10]. For injury, he claims that he "has suffered from physical, verbal, mental and emotional abuse," and harm to his personal and professional reputation. [Id. at 6-7]. He seeks damages and any declaratory relief that the Court deems appropriate. [Id. at 9].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As a threshold matter, the State of North Carolina's 26th Judicial District, which is an arm of the State, is not a proper Defendant in a § 1983 action. See N.C. Gen. Stat. §§ 7A-60 ("The State shall be divided into prosecutorial districts…. There shall be a district attorney for each prosecutorial district…."); 7A-3 (consolidating all courts within North Carolina into unified "General Court of Justice); 7A-4 (the General Court of Justice consists of an appellate division, a superior court division, and a district court division). Neither the State of North Carolina nor its agencies constitute

4

"persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for money damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claim against the State of North Carolina's 26th Judicial District fails, and this Defendant will be dismissed.

The Plaintiff also names the district attorney and two assistant district attorneys as Defendants. However, prosecutors are absolutely immune as individuals from Section 1983 liability for acts arising out of the exercise of their official functions. Imbler v. Pachtman, 424 U.S. 409, 418 (1976). This immunity applies only to the extent that prosecutors serve as advocates for the State. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Therefore, a prosecutor's administrative and investigative duties that do not relate to the preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity. Id. It appears that the Plaintiff's claims relate solely to the prosecutors' actions as advocates with regard to the Plaintiff's criminal prosecution. As such, Defendants Merriweather, Boswell, and McNeal are entitled to immunity and the claims against them are dismissed.

Even if these Defendants were not immune from suit, the Plaintiff's claims appear to be barred by abstention principles. In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). Success on the Plaintiff's present claims would necessarily imply the invalidity of his conviction or sentence in the underlying criminal matter. The Plaintiff, however, has not alleged that his conviction has been reversed or otherwise invalidated. Therefore, his claims against Defendants Merriweather, Boswell, and McNeal appear to be barred by Heck.

6

The claims against Defendant Reno are alleged to have occurred in 2017, well outside the applicable three-year statute of limitations. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). It thus appears that they are time-barred. Moreover, the claims against Defendant Reno with regard to his grand jury testimony are barred by absolute witness immunity. Rehberg v. Paulk, 566 U.S. 356, 367 (2012).

To the extent that the Plaintiff asserts a defamation claim under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, the defamation claim is dismissed without prejudice.

The Plaintiff's pending "Motion for the Issuance and Service of Summons and Complaint…" [Doc. 10] is denied because the Complaint has not passed initial review.

Finally, the Plaintiff is directed to carefully review the Order of Instructions [Doc. 3] before filing any further documents with the Court. He is admonished that he may not bring multiple unrelated claims against

unrelated defendants in any single action.  See generally Fed. R. Civ. P. 18, 20; George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act).  **He is further cautioned that the repeated filing of frivolous or duplicative actions may result in the imposition of sanctions and/or a prefiling injunction that would limit the Plaintiff's ability to file further lawsuits in this Court**.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint fails initial review.  The claims against the State of North Carolina's 26th Judicial District are dismissed with prejudice, and the remaining claims are dismissed without prejudice.  This entire action is dismissed without leave to amend, as it is clear that no amendment would cure the deficiencies noted herein.  See United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 305 n. 6 (4th Cir. 2017) ("when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend") (citation omitted); See also, Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1725 n.4.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The claims against the State of North Carolina's 26th Judicial District are **DISMISSED WITH PREJUDICE**.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff's pro se "Motion for the Issuance and Service of Summons and Complaint…" [Doc. 11] is **DENIED AS MOOT**.

The Clerk is respectfully instructed to terminate this civil action.

**IT IS SO ORDERED.**

Signed: January 25, 2023

Martin Reidinger
Chief United States District Judge

9